IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DLMC, INC., dba KAMA'AINA HEALTH CARE SERVICES,<br><br>Plaintiff,<br><br>vs.<br><br>BENEDICTA C. FLORES; LOVING CARE HEALTH PROVIDER, INC.,<br><br>Defendants. | CV. NO. 18-00352 DKW-KSC<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

## INTRODUCTION

On September 17, 2018, Plaintiff DLMC, Inc., dba Kama'aina Health Care Services (DLMC), initiated this action against Benedicta Flores and Loving Care Health Provider, Inc. (LCHP), alleging claims for violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. §1836(b)(3), and the Hawai'i Uniform Trade Secrets Act. Complaint, Dkt No. 1 (Compl.). DLMC also filed a Motion for Temporary Restraining Order, seeking to enjoin Flores and LCHP from appropriating DLMC's trade secrets and confidential information, as well as from interfering with DLMC's existing and prospective customer relations. Motion for

1

TRO (Motion), Dkt No. 3. Because DLMC may not rely on pleadings and conclusions to establish the likelihood of success on the merits,[1] the Motion for TRO is DENIED.[2]

## BACKGROUND

DLMC is a Hawai'i-based corporation with approximately 300 employees, providing healthcare services to elderly and infirm residents of Hawai'i. Compl. ¶8. Beginning in August 2013, Flores was an office manager for DLMC, working closely with direct-care providers who were also employed by DLMC. Compl. ¶12. She also did some direct-service work with DLMC clients. *Id.* As a condition of her employment, Flores signed HIPAA confidentiality agreements regarding patient information as well as an employee non-disclosure agreement. Compl. ¶¶4, 13-14.

---

[1] In her Opposition and related Motion to Dismiss, Flores challenges the interstate commerce nexus underlying DLMC's DTSA claim, and, therefore, this Court's jurisdiction over this matter. Ordinarily, the question of jurisdiction is a threshold issue that should be addressed prior to any merits-based inquiry. However, because the issues presented in the Motion for TRO are, by their very nature, time-sensitive, and because the jurisdictional questions have not yet been fully briefed, and are not scheduled for argument until January 18, 2019, the Court addresses the merits of the Motion for TRO now.

[2] At the October 15, 2018, status conference, the parties agreed to resolution of the Motion for TRO without a hearing. Accordingly, and pursuant to Local Rule 7.2(d), the Court does just that.

DLMC terminated Flores' employment on June 30, 2017, for "misappropriat[ing] confidential, proprietary information…" Compl. ¶18. Flores is now employed by LCHP. Motion at 5. LCHP was started by a former DLMC employee in 2016 and provides healthcare services similar to DLMC. *Id.*

On September 17, 2018, DLMC filed a Complaint and Motion for TRO, asking this Court to enjoin Flores' and LCHP's alleged tortious interference with DLMC's existing and prospective clients. Dkt Nos. 1, 3. On November 9, 2018, Flores filed an Opposition to the TRO and a Motion to Dismiss, challenging this Court's subject-matter jurisdiction and arguing that DLMC had failed to provide sufficient evidence of a likelihood of success on the merits or of irreparable harm in the absence of injunctive relief. Dkt Nos. 18, 19. On the same day, LCHP joined in Flores' Motion to Dismiss. Dkt No. 20. DLMC timely replied in support of its TRO motion on November 19, 2018. Dkt No. 22.

## **LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are identical. *See, e.g., Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## **DISCUSSION**

DLMC claims that Flores has been using trade secrets, in the form of DLMC's customer lists, to lure away customers, to dissuade potential customers from hiring DLMC, and to encourage employees to leave DLMC and join LCHP. Motion at 1. Accordingly, DLMC seeks -

> a temporary restraining order enjoining Defendants [Flores and LCHP], and any other person or entity acting on behalf of them both… to stop further violations and to recover Plaintiff's misappropriated confidential information from Defendants.

Motion for TRO at 3.

A TRO is an extraordinary measure, requiring the movant to carry a heavy burden in order to obtain such relief. *See, e.g., Winter*, 555 U.S. at 22. DLMC

has not only failed to carry this burden but does not come close. By not presenting sufficient evidence in support of the misappropriation of trade secrets by anyone, much less by Defendants, DLMC has failed to show that it is likely to succeed on the merits. Similarly, DLMC has failed to show that it faces irreparable harm in the absence of injunctive relief. The Motion for TRO is therefore DENIED.

I.  **Insufficient Evidence of Likelihood of Success on the Merits**

To prevail on its DTSA claim, DLMC must establish (1) the existence of a protectable trade secret; (2) misappropriation of the secret by Defendants; and (3) a nexus between the trade secret and interstate commerce. 18 U.S.C. §1836(b)(1); *Complete Logistical Services, LLC v. Rulh*, 2018 WL 4963571, at *3 (E.D. La 2018) (citing *Source Prod. & Equip. Co., Inc. v. Schehr*, 2017 WL 3721543, at *2 (E.D. La. 2017)). In order to establish a likelihood of success on the merits, DLMC must clearly show each element. *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(per curiam)).

The only evidence provided by DLMC in support of the Motion for TRO are a signed HIPAA confidentiality agreement (Exhibit A); a signed Employee Non-

Disclosure Agreement (Ex. B); a signed acknowledgment of certain DLMC Employee Rules (Ex. C); Flores' Termination Letter (Ex. D); and several affidavits stating that Flores attempted to solicit DLMC employees on behalf of a "new agency" (Ex. E). Compl. No other evidence is provided. Collectively, this falls far short of meeting DLMC's burden under the *Winter* test.

### A. *Existence of a protectable trade secret*

The five exhibits offered by DLMC support the first element of a DTSA claim: the existence of a trade secret. The confidentiality and non-disclosure agreements, as well as the admonitions in DLMC's employee rules, for instance, indicate that DLMC sought to safeguard its company information. Viewed in their best light, these documents show that DLMC closely held its confidential information, presumably including its customer lists, and that Flores was not only aware of the company's related rules, but specifically agreed to abide by them. While scant, this showing at least supports DLMC's claim that the customer lists

allegedly stolen were potentially trade secrets it sought to protect within the meaning of the DTSA.[3]

## B. *Misappropriation of a trade secret by Defendants*

Whether DLMC's showing as to the first DTSA element is sufficiently "clear" to satisfy the "burden of persuasion" under *Mazurek* is a question the Court need not reach because DLMC has completely failed to make a showing as to the second DTSA element: that its alleged trade secret was misappropriated by Defendants. The DTSA defines misappropriation, in relevant part, as:

> (A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> (B) disclosure or use of a trade secret of another without express or implied consent by a person who—
> (i) used improper means to acquire knowledge of the trade secret; …

18 U.S.C. §1839(5). The statute further defines "improper means" to include "breach or inducement of a breach of a duty to maintain secrecy." *Id.* §1839(6)(A).

---

[3]Of course, employing protective practices says little about whether the company has anything to protect. And here, in support of the first DTSA element, DLMC has offered nothing at all – even for *in camera* review – as evidence of an actual trade secret.

Here, DLMC does little more than rest on the allegations of its complaint. Without customer lists, affidavits from poached customers, competing price lists, the names of employees who have left DLMC for LCHP at Flores' inducement, or, indeed, any information that would give rise to an inference that trade secrets had been taken, let alone evidence that they had been taken by Flores, DLMC cannot show any likelihood of success on the merits. To grant the extraordinary relief of a TRO in the context alleged, *evidence* of misappropriation is required. Here, there is none. DLMC can point to no specific examples of Defendants successfully luring away any customers or employees, or specific information belonging to DLMC that Defendants acquired and attempted to use to their advantage.

In short, while DLMC may have arguably established that Flores had a duty to protect patient and other information through the confidentiality and non-disclosure agreements that she signed, there is no evidence that she took such information or attempted to use that information in some illicit way. *See, e.g., Scentsy, Inc. v. Performance Manufacturing, Inc.,* 2009 WL 1033734, at *5 (D. Idaho 2009) (reversing grant of TRO on motion to reconsider because the plaintiff had not shown it was likely to succeed on the merits of its DTSA claim where the

"evidence offered by [plaintiff] is simply too general and consists of mainly allegations without supporting evidence…"); *cf., H.Q. Milton, Inc. v. Webster,* 2017 WL 5625929, at *3 (N.D. Cal. 2017) (granting TRO after concluding that plaintiff had established likelihood of success on the merits in DTSA case where plaintiff had submitted as evidence *over 1200 pages of text messages* between the co-defendants discussing the use of plaintiff's customer lists to lure away plaintiff's clients as well as using stolen price lists and profit margin information to undercut plaintiff's sales.)

Indeed, DLMC's reply suggests that it misunderstands its burden. In responding to Flores' argument that there is insufficient evidentiary support, DLMC states "Defendant Flores does not dispute [that she had a duty to protect DLMC's trade secrets and had been in contact with a competitor]." Reply at 10. Acknowledging the obligation to protect trade secrets says nothing about one's breach of that obligation.[4] It is DLMC's burden to affirmatively offer factual

---

[4]The reply attempts to elaborate, asserting that DLMC has "lost at least six clients as a result of Defendant's actions." Reply at 11. The reply does so, however, without identifying the lost clients, or proving how they were lured away, who they were lured by, where they were lured to, what confidential information was used, or what business was lost as a result. This vague accounting, offered only in reply, therefore has virtually no more evidentiary value than the allegations in the complaint on which DLMC also attempts to rely.

9

support indicating it is substantively likely to prevail on its trade secrets claim to justify an injunction. Allegations will not suffice. *Mazurek* 520 U.S., at 971-972 ("a plaintiff's motion for preliminary injunctive relief, as to which the requirement of substantial proof is much higher" cannot be granted with "insufficient evidence in the record" that the plaintiff is likely to succeed on the merits.) DLMC's failure to adduce such evidence is fatal to its Motion.

## II. Insufficient Evidence of Irreparable Harm.

*Winter* requires a showing of irreparable harm, which cannot be presumed in DTSA cases. *First Western Capital Management Co. v. Malamed*, 874 F.3d 1136, 1142-1143 (10th Cir. 2017) (DTSA does not authorize presumption of irreparable harm because the DTSA does not mandate injunctive relief as a remedy); 18 U.S.C. §1836(b)(3)(A) ("In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may—(A) grant an injunction…"); *see also, Acosta v. RK Apparel Inc.,* 2018 WL 1942400, at *2 n.1 (C.D. Cal. 2018) ("While the Ninth Circuit has not yet ruled on this issue, at least one other circuit has found that courts may now presume irreparable harm 'only when Congress clearly intended to depart from established principles of equity jurisprudence and mandate injunctive relief.'").

Yet presumption (of loss of market share and clients) is all DLMC appears to offer. There is no evidence of actual loss of anything.[5] Nor is there any evidence indicating why any loss of business owing to Defendants' conduct could not be remedied by an award of damages. *Rent-A-Center., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)) ("economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award…"); *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118–19 (2d Cir. 2009) ("Where a [trade secret] misappropriator seeks only to use those secrets—without further dissemination or irreparable impairment of value—in pursuit of profit ... an award of damages will often provide a complete remedy for such an injury."). *WHIC LLC.,* on which DLMC attempts to rely (reply at 8-9), is inapposite. *WHIC LLC. v. NextGen Laboratories, Inc.,* 2018 WL 4441214 *13 (D. Haw. 2018) (several hours of witness testimony and documentary evidence of damages used to establish irreparable harm).

---

[5]Mere assertions are insufficient to establish irreparable harm. *See, e.g., Barton v. Venneri*, 2005 WL 1119797, at *3 (D.D.C. 2005) (denying preliminary injunction motion because "plaintiff has not submitted any competent evidence into the record (*i.e*., affidavits, exhibits) that would permit the Court to assess whether she, in fact, faces irreparable harm").

DLMC fails to set forth supporting facts demonstrating that it faces irreparable harm. In the absence of this showing, together with the absence of a likelihood of success on the merits, the Court need not evaluate *Winter*'s remaining factors. *Rodriguez v. DeBuono,* 175 F.3d 227, 233–34 (2d Cir. 1999)); *Amylin Pharm., Inc. v. Eli Lilly & Co.*, 456 F. App'x 676, 679 (9th Cir. 2011) ("Because [the movant] has failed to carry its burden of showing a likelihood of irreparable harm, we need not address the remaining factors necessary for injunctive relief."]. DLMC is not entitled to the preliminary relief requested.

## **CONCLUSION**

For the foregoing reasons, DLMC's Motion for TRO is DENIED.

IT IS SO ORDERED.

Dated: December 19, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*DLMC v. Flores*; CV 18-00352 DKW-KSC; **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**