UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DLMC, INC., dba KAMAʼAINA HEALTH CARE SERVICES,<br><br>Plaintiff,<br><br>vs.<br><br>BENEDICTA C. FLORES; LOVING CARE HEALTH PROVIDER, INC.,<br><br>Defendants. | CV. NO. 18-00352 DKW-RT<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## **INTRODUCTION**

On September 17, 2018, Plaintiff DLMC, Inc., dba Kamaʼaina Health Care Services (DLMC), initiated this action against Benedicta Flores and Loving Care Health Provider, Inc. (LCHP), alleging claims for violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836(b)(3), and the Hawaiʻi Uniform Trade Secrets Act (HUTSA). Complaint, Dkt. No. 1 (Compl.).[1] On November 9,

---

[1] DLMC also concurrently filed a Motion for Temporary Restraining Order (Dkt. No. 3), which was denied by order dated December 19, 2018 (Dkt. No. 24).

1

2018, Flores filed a Motion to Dismiss (Motion), in which LCHP joined, challenging this Court's subject matter jurisdiction. Dkt. No. 18; Dkt. No. 20. DLMC did not file an Opposition, and the hearing scheduled for January 18, 2019 was vacated.[2] Dkt. No. 26. Because DLMC has not opposed the Motion[3] and, more particularly, has not alleged facts to support the existence of a protected trade secret in interstate commerce under the DTSA, as required for this Court to exercise jurisdiction, the Motion is granted with leave to amend.

## **BACKGROUND**

DLMC is a Hawaiʻi-based corporation providing healthcare services to elderly and infirm residents of Hawaiʻi. Compl. ¶8. DLMC's services are overseen in part by Medicare and Medicaid or otherwise regulated by the federal government. Reply in Motion for TRO, Dkt. No. 22, at 2. DLMC receives most of its income from federal funding and receives insurance payouts from insurance companies located outside of Hawaiʻi. *Id.* LCHP, also a Hawaiʻi-based

---

[2]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.
[3]Although DLMC did not file an opposition to the Motion to Dismiss, it did respond to the jurisdictional challenge set forth in the Motion when DLMC filed its TRO-related briefs. *See* Dkt. No. 22 at 11. The Court considers that response in reaching the issues presented here.

2

corporation, was started by a former DLMC employee in 2016 and provides healthcare services similar to those provided by DLMC.   Compl. ¶2.

Beginning in August 2013, Flores was an office manager for DLMC and, as a condition of her employment, signed HIPAA confidentiality agreements regarding patient information as well as an employee non-disclosure agreement. Compl. ¶¶4, 13-14.   DLMC terminated Flores' employment on June 30, 2017 for "misappropriat[ing] confidential, proprietary information…"   Compl. ¶18. Flores is now employed by LCHP.   *Id*. ¶22.

## **DISCUSSION**

Flores argues that DLMC has not established this Court's subject matter jurisdiction under 28 U.S.C. § 1331 because DLMC did not sufficiently allege a cause of action under the DTSA, the only federal claim in the Complaint.   Motion at 2.   Specifically, Flores argues that DLMC fails to identify "…any nexus between interstate or foreign commerce and the alleged trade secret…[,]" thereby failing to establish a DTSA claim.

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."   *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citing *Trentacosta v. Frontier Pac. Aircraft Indus.,*

*Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987)). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). As part of a jurisdictional evaluation, courts may consider evidence outside the pleadings and should not presume that the allegations of the complaint are true. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

The only basis for federal jurisdiction over this case is DLMC's DTSA claim. The DTSA cause of action requires that "a trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C.A. § 1836(b)(1). DLMC's only argument in support of the existence of the required nexus is that "all [DLMC's] clients, including the ones Defendants are accused of taking, have federal patient identification numbers so as to allow for their receipt of federal funds for the services provided to them by Plaintiff." Reply at 3. Without further specification, DLMC also asserts that "Plaintiff is an entity whose very existence relies on and is conditioned upon federal application, certification and approval. Plaintiff's services…are subject to federal law relating

to receipt of federal funds." *Id.* These allegations beg the question of whether and how the trade secrets defendants are alleged to have misappropriated are somehow related to the provision of interstate services offered by DLMC. These dots are neither connected in the Complaint nor in any of DLMC's other submissions to the Court, and, indeed, it appears that DLMC does not offer any interstate services. The same is true with regard to defendants. On this record, then, which includes DLMC's failure to offer opposition specific to the Motion to Dismiss, the Court can only surmise that DLMC's failure to do so is because it has no facts illustrating the requisite nexus. *See e.g., Gov't Employees Ins. Co. v. Nealey,* 262 F. Supp. 3d 153, 173 (E.D. Pa. 2017) (dismissing a DTSA claim on a motion to dismiss because the "complaint does not allege any nexus between interstate or foreign commerce and the alleged trade secrets…This deficiency, in itself, warrants dismissal of plaintiffs' DTSA claim."). Absent at least an argument articulating how the "client lists" that Flores allegedly stole on behalf of LCHP relate to the provision of interstate commerce, and facts in support of that

argument, the Court cannot conclude that it has jurisdiction over the DTSA claim or, hence, over this case.[4]

*Leave to Amend*

Under Fed.R.Civ.P. 15(a)(2), leave to amend a party's pleading "should [be] freely give[n] ... when justice so requires." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (explaining that "the underlying purpose of Rule 15 ... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities") (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Further, the Ninth Circuit has explained that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962); *Erlich v. Glasner*, 352 F.2d 119, 122 (9th Cir. 1965)). Nonetheless, leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant,

---

[4]Nor does DLMC offer an alternative basis for federal jurisdiction. Indeed, because all parties are Hawaiʻi residents, a federal claim is likely the only basis upon which the Court could exercise jurisdiction.

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Mayes v. Leipziger*, 729 F.2d 605, 608 (9th Cir. 1984) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

    Here, there is no evidence of undue delay, bad faith, or dilatory motive on the part of DLMC. Additionally, the case is still in its infancy, and the Court finds that allowing DLMC one opportunity to amend its claims will not unduly prejudice Defendants. Accordingly, the Court GRANTS leave to amend and allows Plaintiff an opportunity to allege a DTSA, or other federal, claim by February 8, 2019. The failure to do so will result in the dismissal of DLMC's DTSC claim without leave to amend, together with remand of the remaining HUTSA claim to state court.

## CONCLUSION

    For the foregoing reasons, the Motion to Dismiss is GRANTED.

    IT IS SO ORDERED.

    Dated: January 23, 2019 at Honolulu, Hawai‘i.



Derrick K. Watson
United States District Judge

*DLMC v. Flores*; CV 18-00352 DKW-RT; **ORDER GRANTING MOTION TO DISMISS**