UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DLMC, INC., dba KAMAʻAINA HEALTH CARE SERVICES,<br><br>Plaintiff,<br><br>vs.<br><br>BENEDICTA C. FLORES; LOVING CARE HEALTH PROVIDER, INC.,<br><br>Defendants. | CV. NO. 18-00352 DKW-RT<br><br>**ORDER OF DISMISSAL** |

## **INTRODUCTION**

On September 17, 2018, Plaintiff DLMC, Inc., dba Kamaʻaina Health Care Services (DLMC), initiated this action against Benedicta Flores and Loving Care Health Provider, Inc. (LCHP), alleging claims for violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836(b)(3), and the Hawaiʻi Uniform Trade Secrets Act (HUTSA). Complaint, Dkt. No. 1 (Compl.). DLMC also filed a Motion for Temporary Restraining Order, seeking to enjoin Flores and LCHP from appropriating DLMC's trade secrets and confidential information. Motion for TRO, Dkt No. 3.

In a December 19, 2018 Order, the Court denied the motion for TRO. Dkt. No. 24. On November 9, 2018, Flores filed a Motion to Dismiss, in which LCHP

joined, challenging this Court's subject matter jurisdiction.  Dkt. No. 18; Dkt. No. 20.  DLMC did not file an Opposition, and the hearing on the Motion to Dismiss, scheduled for January 18, 2019, was vacated.  On January 23, 2019, the Court issued an Order granting the Motion to Dismiss.  Dkt. No. 29.  The Order dismissed DLMC's DTSA claim, the only basis for this Court's subject matter jurisdiction under 28 U.S.C. § 1331, but permitted DLMC leave to amend its Complaint by February 8, 2019, consistent with the Court's ruling.  *Id.* at 7.  As of the date of this Order, February 26, 2019, DLMC has not filed an amended complaint, nor has it responded in any way to the Court's Order.  As a result, this action is dismissed without prejudice.  DLMC's remaining HUTSA state-law claim is remanded to Hawaiʻi state circuit court for further proceedings.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring the filing of an amended pleading within a specified time period.  *Pagtalunan v. Galaza*,

291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

>The Court's January 23, 2019 Order was clear:
>
>> Because DLMC has not opposed the Motion and, more particularly, has not alleged facts to support the existence of a protected trade secret in interstate commerce under the DTSA, as required for this Court to exercise jurisdiction, the Motion is granted with leave to amend.
>>
>> \*\*\*\*
>>
>> [T]he Court cannot conclude that it has jurisdiction over the DTSA claim or, hence, over this case.
>>
>> \*\*\*\*
>>
>> Accordingly, the Court GRANTS leave to amend and allows Plaintiff an opportunity to allege a DTSA, or other federal, claim by February 8, 2019. The failure to do so will result in the dismissal of DLMC's DTSC claim without leave to amend,

3

> together with remand of the remaining HUTSA claim to state court.

January 23, 2019 Order at 2, 6, 7.

DLMC's failure to file an amended complaint, as permitted by the January 23, 2019 Order, hinders the Court's ability to move this case forward and indicates that DLMC does not intend to litigate this action diligently in this Court. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). DLMC offers no excuse or explanation for its failure to file a First Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the plaintiff to

prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). DLMC failed to discharge its responsibility to prosecute this action, despite the Court's express warnings about dismissal in its prior order. *See* January 23, 2019 Order at 7. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh DLMC's failure to file an amended complaint, as directed by the Court in its January 23, 2019 Order.

The Court attempted to avoid outright dismissal of this action by granting DLMC the opportunity to amend its allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are no longer adequate here, given DLMC's voluntary failure to comply with the Court's Order. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and remands DLMC's state-law HUTSA claim to the Circuit Court of the State of Hawai'i, First Circuit.  The Clerk of Court is directed to send a certified copy of this Order to the Circuit Court of the State of Hawai'i, First Circuit, and to then close this case.

IT IS SO ORDERED.

Dated: February 26, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*DLMC v. Flores*; CV 18-00352 DKW-RT; **ORDER OF DISMISSAL**